[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-10970

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JULIO ROLON,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:09-cr-20710-JAL-2

————————————————

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Julio Rolon, proceeding *pro se*, appeals the denial of his motion for appointment of counsel and motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1]  He argues that the district court abused its discretion in failing to appoint counsel to represent him, as counsel would have been able to obtain necessary medical records to support his claim.  He also argues that the district court erred in denying his motion for compassionate release for various reasons.  The government, in turn, moves for summary affirmance and a stay of the briefing schedule.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where,

---

[1] Rolon is serving multiple terms of life imprisonment following his convictions for (1) conspiracy to possess with intent to distribute five kilograms or more of a mixture containing a detectable amount of cocaine; (2) attempt to possess with intent to distribute five kilograms or more of a mixture containing a detectable amount of cocaine; (3) conspiracy to commit Hobbs Act robbery; (4) attempted Hobbs Act robbery; (5) conspiracy to use, carry, or possess a firearm during and in relation to a crime of violence or drug-trafficking crime; (6) using and carrying a firearm during and in relation to a drug-trafficking crime; and (7) possession of a firearm by a convicted felon.

22-10970                Opinion of the Court                3

as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

As an initial matter, the district court did not abuse its discretion in denying Rolon's motion for appointment of counsel.[3] There is no constitutional or statutory right to counsel in § 3582(c)(2) proceedings. *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009). As a result, "the decision to appoint an attorney is left to the discretion of the district court." *Id.* The district court concluded that Rolon was capable of requesting compassionate release without the assistance of counsel and that he had not shown that the interests of justice required appointment of counsel in this case. We agree. The only basis for appointment of counsel that Rolon asserted in his motion was his *pro se* status and that he was "not versed in the complexities of the law," but *pro se* status alone and lack of legal knowledge does not establish that appointment of counsel is necessary. Rather, appointment of counsel in this context is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues so novel or complex as to require the assistance of a trained

---

[2] Decisions decided by the former Fifth Circuit before October 1, 1981, are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[3] We review a district court's denial of a motion for appointment of counsel for an abuse of discretion. *See United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009).

practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quotation omitted). Such circumstances are not present in this case. Accordingly, the district court did not abuse its discretion in denying appointment of counsel.

As to Rolon's motion for compassionate release, generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A).[4] Thus, under § 3582(c)(1)(A), the district court may reduce a movant's imprisonment term if: (1) there are "extraordinary and compelling reasons" for doing so,

---

[4] We review *de novo* whether a defendant is eligible for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review the district court's denial of a compassionate release motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

(2) the factors listed in 18 U.S.C. § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in U.S.S.G. § 1B1.13. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation omitted). If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021); *Tinker*, 14 F.4th at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order").

The Sentencing Commission defines "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A) in Application Note 1 to U.S.S.G. § 1B1.13. Pursuant to this definition, there are four circumstances under which "extraordinary and compelling reasons exist": (A) the defendant suffers from (i) "a terminal illness," or (ii) a permanent health condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover"; (B) the defendant is "at least 65 years old," "is experiencing a serious [age-related] deterioration in physical or mental health," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (C) the defendant's assistance is needed in caring for the defendant's minor child, spouse, or registered partner due to (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the

defendant's spouse or registered partner"; and (D) there exist "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. (n.1 (A)–(D)).

In *Bryant*, we held that "district courts are bound by the Commission's definition of 'extraordinary and compelling reasons' found in [§] 1B1.13." 996 F.3d at 1262. Furthermore, we held that although the catchall "other" extraordinary and compelling reasons provision set forth in Application Note 1(D) gives discretion to the Director of the BOP to identify other qualifying reasons, it "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248, 1263–1265.

Here, the district court did not err in denying Rolon's motion for compassionate release. In his motion, Rolon argued that his sentence should be reduced to time served because he "is chronically ill from various illnesses that cannot be properly treated or care[d] for amid the Covid-19/Delta variant in a prison setting." He did not state what his various illnesses were[5] or assert that any of the illnesses were terminal or otherwise substantially diminished his ability to provide self-care. Instead, he discussed risks associated

---

[5] Although Rolon did not state in his complaint what his illnesses were, we note that he attached to his complaint his administrative application to prison authorities for a reduction in sentence, in which he asserted that he suffered from asthma, diabetes, and obesity.

with the Covid-19 pandemic at great length.    Thus, the district court did not err in concluding that Rolon failed to demonstrate extraordinary and compelling reasons as defined in U.S.S.G. § 1B1.13, Application Note 1.    *See Bryant*, 996 F.3d at 1262 ("[D]istrict courts are bound by the Commission's definition of 'extraordinary and compelling reasons' found in [§] 1B1.13.").

Regardless, even assuming that Rolon established extraordinary and compelling reasons for a sentence reduction, the district court did not abuse its discretion in denying the motion because a sentence reduction would be inappropriate in light of the § 3553(a) factors.    As the district court noted, "the nature and circumstances of [the] offense [were] very serious"[6] and Rolon had a lengthy and violent criminal history.[7]    We agree that those

---

[6] Rolon and his codefendants planned to impersonate police officers and federal agents in order to steal 25 kilograms of cocaine using multiple firearms and other weapons.

[7] Rolon had prior Florida convictions for aggravated battery, robbery with a deadly weapon, grand theft in the third degree (motor vehicle), possession of burglary tools, aggravated assault with a deadly weapon, attempted second-degree murder, possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, attempted first-degree murder, attempted kidnapping with a weapon, shooting into an occupied vehicle, unlawful possession of a firearm while engaged in a criminal offense, and aggravated battery with a deadly weapon. *United States v. Rolon*, 445 F. App'x 314, 318 (11th Cir. 2011).

factors weighed against a sentence reduction.[8]  Lastly, a sentence reduction would have been inconsistent with § 1B1.13's policy statement based on the district court's determination that Rolon remained a danger to society—which was reasonable given his criminal history.  *See* U.S.S.G. § 1B1.13(2) (providing that to be eligible for a reduction under § 3582(c)(1)(A), the court must determine that "[t]he defendant is not a danger to the safety of any other person or to the community"); *Tinker*, 14 F.4th at 1237 (explaining that district courts may not reduce a sentence unless the reduction would be consistent with U.S.S.G. 1B1.13's policy statement).

Accordingly, because the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule.

---

[8] To the extent Rolon quarrels with how the district court weighed the relevant factors, the weight to be accorded any given § 3553(a) factor is a matter "committed to the sound discretion of the district court." *See Tinker*, 14 F.4th at 1241 (quotation omitted).